Milos JIRICKO, Plaintiff,

v.

BENNETT, BRICKLIN & SALTZ-
BURG, LLP, Howard G. Ford and
Paul K. Allison Defendants.

No. Civ.A.03–5809.

United States District Court,
E.D. Pennsylvania.

May 7, 2004.

Milos Jiricko, Lancaster, PA, pro se.

H. Robert Fiebach, John P. Johnson, Jr., Cozen O'Connor, David M. Donaldson, Administrative Office of PA Courts, Philadelphia, PA, for Defendants.

## ORDER AND MEMORANDUM

DuBOIS, District Judge.

### ORDER

AND NOW, this 7th day of May, 2004, upon consideration of Judicial Defendant's Motion to Dismiss (Docket No. 5, filed November 7, 2003), Plaintiff's Response to Defendant Allison's Motion to Dismiss and Memorandum of Law (Docket No. 7, filed November 21, 2003), Defendants' Bennett, Bricklin & Saltzburg, LLP and Howard G. Ford's Motion to Dismiss Plaintiff's Complaint [for] Failure to State a Claim or Cause of Action Upon Which Relief can be Granted (Docket No. 6, filed November 13, 2003), and Plaintiff's Response to Defendants' Bennett, [et] al[.] and Ford's Motion to Dismiss and Memorandum of Law (Docket No. 8, filed December 1, 2003), for the reasons set forth in the attached Memorandum, **IT IS ORDERED** that Judicial Defendant's Motion to Dismiss is **GRANTED** and the plaintiff's claims against the Judicial Defendant are **DISMISSED** for lack of subject matter jurisdiction and Defendants' Bennett, Bricklin & Saltzburg, LLP and Howard G. Ford's Motion to Dismiss is **GRANTED** and plaintiff's claims against Defendants Bennett, Bricklin & Saltzburg, LLP and Howard G. Ford are **DISMISSED** for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for a Protective Order (Docket No. 9, filed February 2, 2004) is **DENIED** as **MOOT** and Plaintiff's Motion to Set the Date for Pre–Trial Conference [and] Motion Requesting Calendar Review Under L.C.R. 40.3.1 (Docket No. 12, filed March 17, 2004) is **DENIED** as **MOOT**.

**IT IS FURTHER ORDERED** that the Clerk of Court **MARK** this case **CLOSED** for **STATISTICAL PURPOSES**.

### MEMORANDUM

This is a *pro se* suit against a Pennsylvania Court of Common Pleas Judge, Paul K. Allison, the law firm Bennett, Bricklin & Saltzburg, LLP and an associate at that firm, Howard G. Ford ("Bennett Firm defendants"). The case arises out of a Pennsylvania Court of Common Pleas case filed by plaintiff against his automobile insurance carrier, GEICO Insurance Company ("GEICO") assigned to Judge Allison. *Milos Jiricko v. GEICO Ins. Co. and Stephanie Rollins,* No. C1–03–02644 (Court of Common Pleas, Lancaster County, Pennsylvania). The Bennett Firm defendants represented GEICO in that litigation. The gravamen of plaintiff's complaint is that Judge Allison's handling of plaintiff's dispute with GEICO violated plaintiff's rights under the United States Constitution, unnamed federal laws and several Pennsylvania statutes and that the Bennett Firm defendants conspired with Judge Allison to violate these rights.

### I. BACKGROUND

On or about April 1, 2003, plaintiff filed an action in the Court of Common Pleas of Lancaster County, Pennsylvania asserting "breach of contract, bad faith in violation of a Pennsylvania statute, breach of fiduciary duties, misrepresentation, deceit, and infliction of emotional distress." Complaint ¶ 4. These claims arose out of a dispute between plaintiff and GEICO. *Id.* at ¶ 5. GEICO denied plaintiff's claim arising out of an accident with an uninsured motorist. *Id.*

The following facts were obtained from the docket entries in the Court of Common Pleas case:

Plaintiff amended his Complaint in the Common Pleas case on two separate occasions; the Second Amended Complaint was filed on May 5, 2003. In response to plaintiff's Second Amended Complaint, the

Bennett Firm defendants, on behalf of their client GEICO, filed preliminary objections on May 22, 2003. Plaintiff filed an answer to GEICO's preliminary objections on May 29, 2003. While the preliminary objections were under review by Judge Allison, plaintiff filed the following motions and other documents with the court: (1) notice of false document; (2) notice of violation of 42 Pa.C.S.A. § 8371 during litigation; (3) motion to hear plaintiff's default judgment motion listed on the pretrial list; (4) motion for sanctions; and (5) request for disposition pursuant to L.R.31B. On July 18, 2003, GEICO filed a motion to compel arbitration of plaintiff's uninsured motorist claim.

On August 13, 2003, Judge Allison held a conference in plaintiff's case. Id. at ¶ 12 and ¶ 14. Following the conference, in an Order dated August 13, 2003, Judge Allison directed: "that plaintiff's uninsured motorist claim be referred to arbitration in accordance with policy provisions, that this court retain jurisdiction over bad faith and all other remaining claims, and that all proceedings are hereby stayed pending completion of said arbitration proceedings." That same day, Judge Allison granted GEICO's Petition to Appoint Plaintiff's Arbitrator and appointed Richard C. Low, Esq. to serve as plaintiff's arbitrator.

On August 21, 2003, plaintiff filed a motion in the Court of Common Pleas to add Howard G. Ford as a defendant. On September 4, 2003, Judge Allison denied plaintiff's motion and warned plaintiff that disregarding the August 13, 2003 Order staying the proceedings could result in sanctions. As of this date, based on the record before the Court, the arbitration proceeding is still pending and the Common Pleas Court retains jurisdiction over the bad faith and all other remaining claims.

Plaintiff filed the instant *pro se* complaint on October 21, 2003. It is difficult for the Court to determine the legal basis of plaintiff's claims from the Complaint. In the Complaint, plaintiff states he brings his suit "pursuant to 28 USCS ¶ 1343 and ¶ 1331 and the First, Fifth, Seventh and Fourteenth Amendment of the Constitution of the United States pursuant to 18 USCA § 241, Title 28 U.S.C. § 2201 and other law as may be relevant hereto." Complaint ¶ 1. Plaintiff also makes reference to "42 USCS § 1983" in the Complaint. Id. at ¶ 15.

Plaintiff asserts the following injuries. First, plaintiff asserts Judge Allison's failure to act in a "timely manner" on plaintiff's complaint in his Court of Common Pleas case violated his rights under the First, Fifth Seventh and Fourteenth Amendments to the U.S. Constitution and under federal law generally. Id. at 4. Second, plaintiff asserts that Judge Allison's failure to act in a timely manner on the motions and other documents he filed in his Court of Common Pleas case similarly violated his rights under the First, Fifth Seventh and Fourteenth Amendments to the U.S. Constitution and under federal law generally. Id. Third, because of the way Judge Allison handled the August 31, 2003 conference in plaintiff's Court of Common Pleas case, plaintiff contends his right to fundamental justice, fair dealing and equal protection, right to speak, right to be heard, and right to present evidence were violated. Id. at 4. Fourth, plaintiff argues that Judge Allison's Order compelling him to arbitrate his uninsured motorist claim violated his right to a fair hearing before an impartial tribunal. Id. at 3.

Plaintiff asks this Court to "correct the record" in the Court of Common Pleas and to issue a "proclamation" directed to Judge Allison to "cease infringement upon Plaintiff's constitutional rights" in plaintiff's on-

going Court of Common Pleas case. *Id.* at ¶¶ 22–23. As to the Bennett Firm defendants, plaintiff argues they are jointly liable with the uninsured motorist that injured him and seeks damages in the amount of $375,000 and punitive damages. *Id.*

■ On November 7, 2003, Judge Allison filed a Motion to Dismiss. On November 13, 2003, the Bennett Firm defendants filed Defendants' Bennett, Bricklin & Saltzburg, LLP and Howard G. Ford's Motion to Dismiss Plaintiff's Complaint [for] Failure to State a Claim or Cause of Action Upon Which Relief Can Be Granted. Plaintiff responded to these motions on November 21, 2003 and December 1, 2003 respectively. The Court will address both motions in the Memorandum. In so doing, the Court is mindful that *pro se* plaintiffs are not held to as high a pleading standard as other litigants and *pro se* pleadings must be construed liberally. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

## II. *LEGAL STANDARD*

■ The Supreme Court has explained that " '[w]ithout jurisdiction the court cannot proceed at all in any cause.' " *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94–95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (quoting *Ex parte McCardle,* 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264 (1868)). Federal Rule of Civil Procedure 12(b)(1) provides that a court may dismiss a complaint for "lack of jurisdiction over the subject matter...." Fed.R.Civ.P. 12(b)(1). Plaintiff has the burden of establishing subject matter jurisdiction. *Carpet Group Int'l v. Oriental Rug Imp. Ass'n,* 227 F.3d 62, 69 (3d Cir.2000) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 891 (3d Cir.1977)). In evaluating a Rule 12(b)(1) motion, the Court first must determine whether the motion attacks the complaint on its face or on its facts. *Id.*

■ A facial challenge under Rule 12(b)(1) argues that the complaint fails to allege subject matter jurisdiction, or contains defects in the jurisdictional allegations. 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1250, at 212–18 (2d ed.1990). As with a Rule 12(b)(6) motion, a court evaluating a facial challenge must accept the allegations in the complaint as true, and disposition of the motion becomes purely a legal question. *Gould Elec., Inc. v. United States,* 220 F.3d 169, 176 (3d Cir.2000); *Mortensen,* 549 F.2d at 891. In reviewing a facial attack, a court may rely on documents referenced within the complaint and attached thereto, but must view them in the light most favorable to the nonmoving party. *See id.* at 176 & n. 6; *Pension Benefit Guar. Corp. v. White Consol. Indus.,* 998 F.2d 1192, 1196 (3d Cir.1993).

On the other hand, if the motion disputes the existence of subject matter jurisdiction in fact, then "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Mortensen,* 549 F.2d at 891. In resolving a factual challenge under Rule 12(b)(1), "the court may consider and weigh evidence outside the pleadings to determine if it has jurisdiction." *Gould Elec.,* 220 F.3d at 178 (citing *Mortensen,* 549 F.2d at 891).

## III. *DISCUSSION*

### A. JUDICIAL DEFENDANT'S MOTION TO DISMISS

Judge Allison's Motion to Dismiss argues that the Court should dismiss plaintiff's claims against Judge Allison pursuant to Federal Rule of Civil Procedure 12(b)(1)

and (6). Specifically, Judge Allison argues: (1) to the extent plaintiff seeks to have this Court review the adjudications of a state court judge this Court lacks subject matter jurisdiction pursuant to the Rooker–Feldman doctrine; (2) to the extent plaintiff seeks to enforce Pennsylvania state law against a state official, a Common Pleas Judge, this Court lacks subject matter jurisdiction pursuant to the Eleventh Amendment; (3) to the extent there are appeals or ongoing state court proceedings involving plaintiff, this Court should abstain from exercising jurisdiction; and (4) absolute judicial immunity bars any claim for damages against the Judge who adjudicated plaintiff's state court case. Judicial Defendant's Motion to Dismiss at 1.

### 1. *This Court Lacks Jurisdiction Over Plaintiff's Claims Against Judge Allison Under the Rooker–Feldman Doctrine*

Judge Allison argues that the Court lacks subject matter jurisdiction under the Rooker–Feldman doctrine. The Third Circuit recently summarized the Rooker–Feldman doctrine in *Saudi Basic Industries Corp. v. Exxon Corp. et al.*, 364 F.3d 106 (3d Cir.2004):

> The *Rooker–Feldman* doctrine, derived from two Supreme Court cases-*Rooker v. Fidelity Trust*, 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983)-prevents lower federal courts from "sit[ting] in direct review of the decisions of a state tribunal". Because Congress has conferred jurisdiction to review a state court's decision only on the Supreme Court, lower federal courts lack the power to decide claims in which 'the relief requested ... requires determining that the state court's decision is wrong' or ...

> void[ing] the state court's ruling. As we recently explained, 'a claim' is barred by *Rooker–Feldman* under two circumstances: first, if the claim was 'actually litigated' in state court prior to the filing of the federal action or, second, if the claim is 'inextricably intertwined with [the] state adjudication'.

*Id.* at 110–11 (citations omitted); *see also, ITT Corp. et al v. Intelnet Int'l Corp. et al,* 366 F.3d 205 (3d Cir.2004).

This inquiry addresses the existence of subject matter jurisdiction in fact and is not a facial challenge based on the facts alleged in the complaint. Therefore, the court may consider and weigh evidence outside the pleadings to determine if it has jurisdiction. *See, e.g., Adams v. Costello,* Civ. A. No. 96–4377, 1998 WL 242600, at *2 (E.D.Pa. May 13, 1998) (holding that where defendant filed a Rule 12(b)(1) motion challenging subject matter jurisdiction under *Rooker-Feldman,* trial court may weigh evidence and satisfy itself as to exercise of power to adjudicate case (quoting *Mortensen,* 549 F.2d at 891)); *Wishnefsky v. Addy,* 969 F.Supp. 953, 955–56 (E.D.Pa. 1997) (concluding that defendant had raised factual challenge to subject matter jurisdiction where defendant claimed that *Rooker–Feldman* barred federal lawsuit). Specifically, the Court will consider the public record of plaintiff's Court of Common Pleas litigation to determine whether plaintiff's federal claims were actually litigated in state court or are inextricably intertwined with the state court adjudication.

 The evidence establishes that plaintiff's claims in this case are inextricably intertwined with the state court adjudication. As summarized above, plaintiff argues his rights under the First, Fifth Seventh and Fourteenth Amendments to the U.S. Constitution and under federal law generally have been violated. Plaintiff

claims that his rights have been violated as a result of Judge Allison's (1) failure to act in a timely manner on his complaint; (2) failure to act in a timely manner on the motions and other documents he has filed in the Court of Common Pleas; (3) handling of the August 13, 2003 conference; (4) order compelling plaintiff to arbitrate his claims against GEICO. As this list clearly demonstrates, plaintiff's disagreement is with Judge Allison's handling of his Court of Common Pleas case. *Id.* at ¶¶ 17–19.

Further support for the conclusion that plaintiff's claims in this court are inextricably intertwined with his state court adjudication is found in the relief plaintiff's seeks. Plaintiff requests in his Complaint that this Court "correct the record" in the Court of Common Pleas Complaint ¶ 22. In addition, plaintiff asks this court to issue a "proclamation" ordering Judge Allison to cease infringing plaintiff's constitutional rights. Considering the conduct plaintiff claims is causing these injuries, plaintiff is in effect asking this Court to order Judge Allison to act on plaintiff's complaint and the motions and documents he has filed in the Court of Common Pleas and to conduct a jury trial on plaintiff's claims against GEICO.

In sum, plaintiff's claims against Judge Allison are inextricably intertwined with his Court of Common Pleas adjudication. Therefore, under the *Rooker–Feldman* doctrine, this Court lacks jurisdiction to adjudicate such claims and Judicial Defendant's Motion to Dismiss is granted.

### 2. *Judicial Defendant's Eleventh Amendment, Abstention and Judicial Immunity Arguments*

Judge Allison further argues that to the extent plaintiff seeks to enforce Pennsylvania state law against a state official, this Court lacks jurisdiction pursuant to the Eleventh Amendment of the United States Constitution; to the extent there are appeals or ongoing state court proceedings involving plaintiff, this Court should abstain from exercising jurisdiction; and absolute judicial immunity bars any claim for damages against the Judge who adjudicated plaintiff's state court case. Because the Court concludes it lacks jurisdiction to adjudicate plaintiff's claims against Judge Allison under the *Rooker–Feldman* doctrine, the Court does not address these arguments

### B. BENNETT FIRM DEFENDANTS' MOTION TO DISMISS

The Bennett Firm defendants have moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.[1] Specifically, the Bennett Firm defendants argue that (1) plaintiff's Complaint is deficient on its face as it is devoid of any facts in support of the purported cause of action; (2) defendants' activities are covered by conspiracy immunity for attorneys acting on behalf of their clients; (3) this Court lacks jurisdiction pursuant to *Rooker–Feldman* to review the adjudications of a state court; and (4) this Court should abstain from intervening in an ongoing state court action. Defendants' Bennett, Bricklin & Saltzburg, LLP and Howard G. Ford's Motion to Dismiss Plaintiff's Complaint [for] Failure to State a Claim or Cause of Action Upon Which Relief can be Granted at 1 and 6.

The Federal Rule of Civil Procedure challenging the jurisdiction of a federal

---

1. Rule 12(b)(6) of the federal rules of civil procedure provides that, in response to a pleading, a defense of "failure to state a claim upon which relief can be granted" may be raised by motion. Fed. R. Civ. P. 12(b)(6).

court under the *Rooker–Feldman* doctrine is Rule 12(b)(1). The Court will therefore analyze the Bennett Firm defendants' *Rooker–Feldman* argument under that rule.

### 1. This Court Lacks Jurisdiction Over Plaintiff's Claims Against the Bennett Firm Defendants Under the Rooker–Feldman Doctrine

Plaintiff claims that the Bennett Firm defendants conspired with Judge Allison to "deny and deprive [plaintiff] of rights guaranteed to him under the U.S. Constitution and Laws of the United States." Complaint ¶ 20. The only specific instance of conduct by the Bennett Firm alleged in plaintiff's Complaint is that when plaintiff "attempted to speak and to present evidence on his behalf [at the August 13, 2003 conference] he was instantly and by design interrupted and filibustered by the Defendant Ford." *Id.* at ¶ 14.

Plaintiff's claims that the Bennett Firm defendants conspired with Judge Allison, are, like his claims against Judge Allison, inextricably intertwined with the Court of Common Pleas adjudication. Likewise, the single instance of conduct by the Bennett Firm defendants cited by plaintiff-defendant Ford's filibustering of plaintiff at the August 13, 2003 conference-is inextricably intertwined with the Court of Common Pleas adjudication. Therefore, under the *Rooker–Feldman* doctrine, this Court has no jurisdiction over plaintiff's claims against the Bennett Firm defendants and the Bennett Firm defendants' Motion to Dismiss is granted.

### 2. Bennett Firm Defendant's Federal Rule of Civil Procedure 12(b)(6) Immunity and Abstention Arguments

The Bennett Firm defendants further argue that: (1) plaintiff's Complaint is deficient on its face as it is devoid of any facts in support of the purported cause of action; (2) their activities are covered by conspiracy immunity for attorneys acting on behalf of their clients; and (3) this Court should abstain from intervening in an on-going state court action. Because the Court concludes it lacks jurisdiction to hear plaintiff's claims against the Bennett Firm defendants under the *Rooker–Feldman* doctrine, the Court does not address these arguments.

## III. CONCLUSION

For the reasons outlined above, Judicial Defendant's Motion to Dismiss is granted and plaintiff's claims against Defendant Paul K. Allison is dismissed for lack of jurisdiction. Likewise Defendants' Bennett, Bricklin & Saltzburg, LLP and Howard G. Ford's Motion to Dismiss Plaintiff's Complaint [for] Failure to State a Claim or Cause of Action Upon Which Relief Can Be Granted is granted and plaintiff's claims against Bennett, Bricklin & Saltzburg LLP and Howard G. Ford are dismissed for lack of jurisdiction.