McCormick et al., Appellants, *v.* Specter.

Argued December 11, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*John T. Clary,* with him *Thomas J. Mullaney,* for appellants.

*John Rogers Carroll,* with him *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for appellee.

OPINION BY SPAULDING, J., March 23, 1971:

This is an appeal from an order of September 15, 1970, in the Court of Common Pleas of Philadelphia, granting summary judgment in favor of appellee Arlen

Specter as District Attorney of Philadelphia County, against appellants Thomas J. McCormick and Paul G. Taylor individually and as partners trading as Mc-Cormick, Taylor Associates. Appellants instituted an action in trespass against appellee, charging him with libel and slander by reason of oral and recorded statements he had made in public on September 17, 1969. Appellee's defense was that since he made the statements in the exercise of his duties and in relation to matters pending in the District Attorney's office, they were protected by the absolute immunity accorded his high official position. See *Montgomery v. Philadelphia,* 392 Pa. 178, 140 A. 2d 100 (1958) ; *Matson v. Margiotti,* 371 Pa. 188, 88 A. 2d 892 (1952).

Two important contending interests are pertinent: the right of the individual to be secure in his reputation and the need of society for the free performance and full disclosure of its governmental business. In *Matson,* supra, the Supreme Court stated: "Absolute privilege, as its name implies, is unlimited, and exempts a high public official from all civil suits for damages arising out of false defamatory statements and even from statements or actions motivated by malice, *provided the statements are made or the actions are taken in the course of the official's duties or powers and within the scope of his authority, or as it [is] sometimes expressed, within his jurisdiction.*" [Citations omitted.] 371 Pa. at 193-94.

Our Supreme Court has never enunciated any test or standard to determine when a "high public official"[1] is acting within the scope of his "official duties". Here, we find that appellee's press conference was a proper undertaking of that office on the basis that the reasonable performance of the District Attorney's office war-

---

[1] Appellants concede that the Philadelphia District Attorney's office should be regarded as a "high public office."

rants his informing the public of matters pending in that office. However, it must be emphasized that it is the public interest—not that of the official involved—which provides the rationale for the immunity. Thus, given the great potential for harm, the privilege must be limited to those statements and actions which are in fact "closely related" to the performance of those official duties. Although the difficulties in application are readily apparent, such a test at least provides some guidance for the trial court's determination of when a "high public official's" statement or actions fall within the scope of absolute privilege.

Applying the above "test" to the press conference at issue, it is clear that summary judgment was properly granted. Here, the District Attorney was involved in an on-going investigation of appellants' business dealings with the City of Philadelphia. Although some of his comments may have been excessive, they were nonetheless "closely related" to a matter pending in his office and thus within the scope of the privilege.

The order of the lower court is affirmed.