## Eck v. Shanaman

*James T. Reilly*, of *Egli, Walter, Reilly & Wolfson*, for plaintiff.

*R. Hart Beaver*, of *Beaver, Wolf & Harlan*, for defendant.

GATES, P. J., July 17, 1974.—This is an action for damages for an alleged slanderous remark defendant spoke about plaintiff. There is a complaint and answer

with new matter, a reply to new matter, interrogatories with answers thereto and depositions. The defendant has filed a motion under Pennsylvania Rule of Civil Procedure 1035 for a summary judgment on the pleadings.

The material and operative facts upon which the outcome of this controversy depends are not in dispute. Plaintiff was a property owner of the Borough of Richland. Prior to 1971, there was a driveway on plaintiff's property from Main Street at a point on that street where there is a sharp bend in the road. The highway itself is narrow and it is the most heavily traveled road in the borough. Parking is permitted on only one side of the highway and there are homes built on both sides of the highway. The borough council, and others, consider the area hazardous.

Plaintiff wished to construct a second driveway onto his property. He secured a permit from the proper State officials and he was attempting to secure a permit from the Richland Borough Council. Although he did not have a borough permit, he was in the process of constructing the second driveway onto his property on the date of the borough council meeting at which the alleged slanderous words were spoken.

Plaintiff was asked to attend the meeting because it was council's understanding that, under the circumstances, a second driveway would be illegal under the law and because the second driveway would contribute to the hazardous condition of the road. It was council's apparent purpose to inquire into the circumstances under which plaintiff obtained a State permit. Council had learned that a State permit would not have been issued had the issuing officer been aware of the fact there was already an existing driveway on plaintiff's property. There is no evidence at all that plaintiff lied to the issuing officer and, at the most,

it can be said that plaintiff did not tell the issuing officer of the existence of the driveway because he was not asked.

At the meeting of the Richland Borough Council of April 6, 1971, defendant was the president of council and was conducting an official meeting, the subject matter of which was plaintiff's application for a permit to build the second driveway. During the course of a discussion, defendant stated that plaintiff had obtained the State permit under false pretenses. It is this statement which plaintiff alleges is slanderous and entitles him to punitive damages.

In our prior consideration of preliminary objections in this case, Eck v. Shanaman, 56 D. & C. 2d 371, 14 Lebanon 163 (1972), we recognized that a borough councilman has an absolute privilege and immunity from civil liability for damages arising out of defamatory statements and even from statements or actions motivated by malice providing the statements are made or the actions are taken in the course of the official's duties or powers or within the scope of his authority or as it is sometimes expressed, within his jurisdiction: Matson v. Margiotti, 371 Pa. 188 (1952); Montgomery v. Philadelphia, 392 Pa. 178 (1958); McCormick v. Specter, 220 Pa. Superior Ct. 19 (1971).

Unquestionably, a borough council has authority to enact ordinances, adopt bylaws, rules, regulations, ordinances and resolutions not inconsistent with the laws of the Commonwealth as council shall deem beneficial to the borough for the maintenance of peace, good government, safety and welfare of the borough: Act of February 1, 1966, P. L. (1965) 1656 (No. 581), sec. 1006, 53 PS §46006(3). At the meeting of April 6, 1971, the subject matter under discussion was the building permit and defendant's statement about circumstances under which he believed plaintiff ob-

tained the State permit is absolutely privileged. Consequently, defendant is entitled to a summary judgment in his favor.

## ORDER OF COURT

And now, to wit, July 17, A. D., 1974 defendant's motion for summary judgment is granted.