**Bruce L. WISHNEFSKY**

v.

**David W. ADDY.**

**Civil Action No. 97–2500.**

United States District Court, E.D. Pennsylvania.

July 11, 1997.

Bruce L. Wishnefsky, Pottsville, PA, pro se.

James T. Huber, Allentown, PA, for defendant.

## OPINION AND ORDER

VAN ANTWERPEN, District Judge.

### I. BACKGROUND

The plaintiff, Bruce L. Wishnefsky ("Wishnefsky"), is a criminal defendant in Carbon County, Pennsylvania, awaiting trial on charges that he engaged in numerous sexual assaults against minors as described in a 133 Count Criminal Information. Wishnefsky has filed a *pro se* Complaint[1] in our court alleging civil rights violations under 42 U.S.C. § 1983. Wishnefsky subsequently filed an Amended Complaint expanding his action to include two claims of state law defamation. The defendant, David W. Addy ("ADA Addy"), is an Assistant District Attorney prosecuting Wishnefsky in the state court criminal proceedings.

Wishnefsky's amended complaint alleges Fourth Amendment violations arising out of an alleged improper search of his residence in Pottsville, Schuylkill County, Pennsylvania, on April 6, 1996. Wishnefsky alleges that on that date ADA Addy, together with two Pennsylvania state police troopers, came to his home to serve an arrest warrant and arrest him on sexual assault charges. Wishnefsky further alleges that the "search conducted by the State Police and ADA Addy of Wishnefsky's home prior to obtaining consent was in violation of Wishnefsky's rights under the United States Constitution, Fourth Amendment and Wishnefsky was injured thereby." Amended Complaint, ¶ 17.

Wishnefsky additionally asserts pendent state law claims of defamation in Counts II and III. In each count, he alleges that ADA Addy made statements to newspapers which were defamatory under Pennsylvania law. Finally, in Count IV, Wishnefsky makes a claim for punitive damages.

ADA Addy filed a Motion to Dismiss under Fed.R.Civ.P. 12(b)(1) and 12(b)(6) on June 6, 1997. In the brief accompanying the motion, ADA Addy has asked in footnote 1 that we judicially notice the Wishnefsky's state court criminal proceedings. Attached to the motion to dismiss are an Affidavit and copies of the docket, court orders, and other documents relating to Wishnefsky's state court criminal proceedings. It appears that Wishnefsky has filed a large number of *pro se* motions in his criminal case. By Order dated June 11, 1997, we directed Wishnefsky to file a proper response to ADA Addy's motion to dismiss in our case. We have received Wishnefsky's response in the form of a 4–page Memorandum of Law without affidavits which was filed on July 2, 1997.

### II. LEGAL STANDARD

Pursuant to Fed.R.Civ.P. 12(b)(6), this court may dismiss a claim for relief if it fails to state a claim upon which relief can be granted. A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim which would entitle him or her to relief. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). All allegations in the complaint and all reasonable inferences that can be drawn therefrom must be accepted as true and viewed in the light most favorable to the non-moving party. *Sturm v. Clark,* 835 F.2d 1009, 1011 (3d Cir.1987). The court's inquiry is essentially limited to the content of the complaint. *Biesenbach v. Guenther,* 588 F.2d 400, 402 (3d Cir.1978). Pleadings must be liberally construed. *Richardson v. Pennsylvania Dept. of Health,* 561 F.2d 489, 492 (3d Cir.1977). The allegations of the pleading will be supplemented by any relevant matter that can be judicially noticed. 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1363 (1990); *Oneida Motor Freight, Inc. v. United Jersey Bank,* 848 F.2d 414, 416 n. 3 (3d Cir.), *cert. denied,* 488 U.S. 967, 109 S.Ct. 495, 102 L.Ed.2d 532 (1988). Nevertheless, the parties must be given a reasonable opportunity to respond to documents which are judicially noticed. *Gwynedd Properties, Inc. v. Lower Gwynedd Township,* 970 F.2d 1195, 1206 n. 18 (3d Cir.1992). Wishnefsky was aware of what we were asked to judicially notice from the brief and exhibits accompanying the mo-

---

1. This is the second suit filed by Wishnefsky. We entered judgment on the pleadings for a defendant police officer in a prior *pro se* action related to this action. *See Wishnefsky v. Sommers,* No. 96–7964, 1997 WL 148582 (E.D.Pa. Mar.21, 1997).

tion to dismiss. Wishnefsky was given a full opportunity to respond by our Order of June 11, 1997.

A wholly different standard applies to ADA Addy's 12(b)(1) motion. ADA Addy has not merely made a facial attack of subject matter jurisdiction in his 12(b)(1) motion, but has raised additional issues through the judicially noticed exhibits to his brief. We believe this amounts to a factual attack. As the court said in *Mortensen v. First Federal Sav. and Loan Ass'n,* 549 F.2d 884, 891 (3d Cir.1977):

> The factual attack, however, differs greatly [from the facial attack] for here the trial court may proceed as it never could under 12(b)(6) or Fed.R.Civ.P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist.

Accordingly, with regard to the 12(b)(1) motion, we are free to proceed under Fed. R.Civ.P. 43(e) and determine facts, if necessary.

### III. *DISCUSSION*

■ Wishnefsky, in defending the criminal charges against him in Carbon County, filed a *pro se* Motion to Suppress Physical Evidence (ADA Addy's Mot. Ex. D) and an Amended Motion (ADA Addy's Mot. Ex. E). In Wishnefsky's filings in Carbon County Court, it is clear that he argued as he now does that the search of his home was unconstitutional. *Id.* A hearing was held in the Carbon County Court of Common Pleas on

November 20, 21, 1996 at the conclusion of which the court denied Wishnefsky's motion to suppress and ruled on the merits that the search was proper.[2] The state trial court denied certification of its suppression ruling for an interlocutory appeal (ADA Addy's Mot. Ex. K). Wishnefsky thereafter attempted to appeal to the Pennsylvania Superior Court (ADA Addy's Mot. Ex. M). Wishnefsky's appeal to the Superior Court was denied and Wishnefsky then filed a Petition for Allowance of Appeal to the Pennsylvania Supreme Court (ADA Addy's Mot. Ex. N), which is presently pending.

ADA Addy claims that Wishnefsky's suit in our court is barred by the so-called *Rooker–Feldman* doctrine. The Third Circuit explained this doctrine in *FOCUS v. Allegheny County Court of Common Pleas,* 75 F.3d 834, 840 (3d Cir.1996):

> The *Rooker–Feldman* doctrine provides that "federal district courts lack subject matter jurisdiction to review final adjudications of a state's highest court or to evaluate constitutional claims that are 'inextricably intertwined with the state court's [decision] in a judicial proceeding.'" *Blake v. Papadakos,* 953 F.2d 68, 71 (3d Cir.1992) (alteration in original) (quoting *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 483 n. 16, 103 S.Ct. 1303, 1316 n. 16, 75 L.Ed.2d 206 (1983)); *see also Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). We have interpreted the doctrine to encompass final decisions of lower state courts. *Port Auth. Police Benev. Ass'n v. Port Auth.,* 973 F.2d 169, 178 (3d Cir. 1992).

\*     \*     \*     \*     \*     \*

> *Rooker–Feldman* applies only when in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render that judgment ineffectu-

---

**2.** ADA Addy's Motion Exhibit F is a motion filed by Wishnefsky in the state court criminal proceeding in which Wishnefsky states, in paragraph 4, "The court ... ruled ... the state police were lawfully in defendant's home by virtue of an arrest warrant for defendant, that Damien Barn-

hill had both actual and apparent authority to consent to a search of defendant's home, and that his consent was a voluntary act on his part." Wishnefsky claims in paragraph 6 that the search and seizure of a photo album violated the United States and Pennsylvania Constitutions.

al. *Marks v. Stinson,* 19 F.3d 873, 886 n. 11 (3d Cir.1994) (holding *Rooker–Feldman* inapplicable where "the district court could (and did) find that [the plaintiffs'] constitutional claims had merit without also finding that the [state] court erred").

[alteration in original].

Wishnefsky was obviously a party to his state court proceedings and fully litigated the same claims he is now raising about an unconstitutional search. It is difficult to see how he could obtain relief in our court without a finding that the state court suppression ruling which found the search constitutional was in error. Under such circumstances, we believe Wishnefsky's present claims are inextricably intertwined with the state court proceeding.

It is of no consequence that the state court suppression ruling is interlocutory or that an appeal of this suppression ruling is pending before the Supreme Court of Pennsylvania. The *Rooker–Feldman* doctrine applies equally to state court judgments which are interlocutory. *Port Auth. Police Benev. Ass'n,* 973 F.2d at 178. " 'We hold no warrant to review even final judgments of state courts, let alone those which may never take final effect because they remain subject to revision in the state appellate system.' " *Id.* (quoting *Hale v. Harney,* 786 F.2d 688, 691 (5th Cir.1986)). The Supreme Court of Pennsylvania has similarly held that the pendency of an appeal of a criminal conviction does not deprive a party of a right to invoke collateral estoppel in a civil proceeding. *Shaffer v. Smith,* 543 Pa. 526, 673 A.2d 872, 874 (1996). In view of the language of *Port Auth. Police Benev. Ass'n,* we believe the *Rooker–Feldman* doctrine applies to the state court suppression ruling at this point in time even though Wishnefsky has not yet been brought to trial in the state court. Accordingly, we find that we lack subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) regarding this claim.

There remains the issue of the defamation claim brought under state law. We review these charges under Fed.R.Civ.P. 12(b)(6). We have doubts that the alleged remarks are capable of defamatory meaning concerning Wishnefsky. Nevertheless, even if they are, we believe that the alleged remarks of ADA Addy were privileged. The common law doctrine of absolute privilege continues to exist in Pennsylvania for high public officials. *Lindner v. Mollan,* 544 Pa. 487, 677 A.2d 1194 (1996). Assistant District Attorneys are high public officials. *Freach v. Commonwealth,* 23 Pa.Cmwlth. 546, 354 A.2d 908, 911 (1976), *aff'd in part,* 471 Pa. 558, 370 A.2d 1163 (1977). Statements to the press fall within the official duties of an assistant district attorney and within the scope of his authority. *Mosley v. Observer Pub. Co.,* 422 Pa.Super. 255, 619 A.2d 343, 346, *appeal denied,* 535 Pa. 622, 629 A.2d 1382 (1993); *McCormick v. Specter,* 220 Pa.Super. 19, 275 A.2d 688 (1971).

For the foregoing reasons, Wishnefsky's complaint will be dismissed.

An appropriate order follows.

### *ORDER*

AND NOW, this 11th day of July, 1997, consistent with the foregoing Opinion, it is hereby **ORDERED** that defendant's Motion to Dismiss Under Fed.R.Civ.P. 12(b)(1) and 12(b)(6) filed June 6, 1997 is **GRANTED** and plaintiff's complaint is **DISMISSED WITH PREJUDICE.** This case is **CLOSED.**