**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2128
_____

DAVID ANDERSON,
Appellant

v.

VENANGO COUNTY, PENNSYLVANIA; THE DISTRICT ATTORNEY'S OFFICE
OF VENANGO COUNTY, PENNSYLVANIA; JAMES CARBONE, ESQUIRE,
individually and in his official capacity as Assistant District Attorney for the Venango
County District Attorney's Office
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 1-10-cv-00079)
District Judge: Honorable Sean J. McLaughlin
_____

Submitted Under Third Circuit LAR 34.1
December 15, 2011

Before:   SLOVITER, VANASKIE and GREENBERG, *Circuit Judges*

(Filed: January 18, 2012)
_____

OPINION OF THE COURT
_____

VANASKIE, *Circuit Judge.*

David Anderson appeals the District Court's dismissal of his federal civil rights and state-law abuse of process claims, contending that the District Court erred in holding that he fails to state a federal claim against both Assistant District Attorney James Carbone and Venango County, Pennsylvania (the "County"), and that absolute immunity bars his federal and state-law claims against Carbone. We reject both of Anderson's arguments and will affirm.

I.

We write primarily for the parties, who are familiar with the facts and procedural history of this case. Accordingly, we set forth only those facts necessary to our analysis.

Until 2000, David Anderson worked at the Polk Center State Hospital (the "Hospital"), a facility for patients with cognitive disabilities. In 2000, the County charged Anderson with indecent assault and involuntary deviate sexual intercourse involving three Hospital patients. At the end of Anderson's first trial in February 2001, the jury convicted him of indecent assault of one of the patients but deadlocked on the charges concerning the other two patients. The County re-tried him on the charges concerning the other two patients in September 2001, and the jury found him guilty of indecent assault against both of the patients and of involuntary deviate sexual intercourse against one of the patients.

On appeal, the Superior Court of Pennsylvania vacated the conviction from the first trial on procedural grounds and the convictions from the second trial due to prosecutorial misconduct by Carbone during closing arguments. *See Commonwealth v.*

2

*Anderson*, 2011 PA Super 233, No. 495 WDA 2009, 2011 Pa. Super. LEXIS 3736, at *6-7 (Pa. Super. Ct. 2011) (en banc) (citing *Commonwealth v. Anderson*, No. 746 WDA 2001, unpublished memorandum (Pa. Super. filed April 21, 2004)).  The County then sought to re-prosecute Anderson for his alleged crimes against only the two patients from the second trial, and the Court of Common Pleas scheduled trial for September 2005.

Shortly before the trial date, the Court of Common Pleas determined that the patients were not competent to testify as witnesses at the trial.  The prosecution appealed this ruling to the Superior Court of Pennsylvania, which reversed on the ground that the Court of Common Pleas applied an incorrect standard for assessing witness competency. *Id.* (citing *Commonwealth v. Anderson*, 927 A.2d 647, 647 (Pa. Super. Ct. 2007)).

On remand, Anderson's attorney claimed that Carbone was improperly coaching the patients' testimony and moved for a competency hearing, which the Court of Common Pleas granted.  The Court of Common Pleas further ordered Carbone to refrain from meeting with the two witness-patients unless a responsible third-party was present, to keep a log of any meetings with the witness-patients, and to provide Anderson's counsel a witness list and any Hospital capacity assessments with respect to the witness-patients.

Anderson alleges that he discovered that Carbone violated the interim order by meeting with one of the witness-patients twice without properly logging the meetings, coaching the witness-patient's testimony, attempting to conceal one of the meetings from the court, misrepresenting the length of one of the meetings, and failing to disclose witness capacity assessments.  On February 6, 2009, the Court of Common Pleas

3

dismissed the remaining charges against Anderson, finding that Carbone's prosecutorial misconduct barred retrial under the Pennsylvania Constitution's Double Jeopardy Clause. On November 3, 2011, the Superior Court of Pennsylvania affirmed, agreeing that Carbone's misconduct barred retrial. *Id.* at *1-2.

On April 2, 2010, Anderson sued the County and Carbone for their alleged misconduct during Anderson's prosecution.[1] Count One of Anderson's complaint seeks relief under 42 U.S.C. § 1983, alleging that Carbone violated his Sixth Amendment right to a fair trial by meeting with one of the witnesses before the competency hearing to improperly coach his testimony, by attempting to conceal his misconduct from the court, and by failing to disclose witness capacity assessments to Anderson's counsel. Count One also alleges that the County "failed to properly train Defendant Carbone in the acceptable means of preparing witnesses for Competency Hearings, or, in the alternative, had a policy, pattern and practice of improperly coaching and preparing witnesses of questionable competency." (A. 41.) Count Two of Anderson's complaint seeks relief for abuse of process, re-alleging that Carbone engaged in misconduct concerning the competency hearing, and further asserting that Carbone "abused and perverted the criminal process" by filing a frivolous appeal of the dismissal of the criminal charges against Anderson. (A. 43.)

---

[1] Anderson also initially sued the District Attorney's Office of Venango County, Pennsylvania (the "District Attorney's Office"), but the District Court dismissed the claim against the District Attorney's Office as duplicative of the claim against the County. Anderson does not challenge the dismissal of the District Attorney's Office.

4

Carbone moved to dismiss Anderson's complaint pursuant to Fed. R. Civ. P. 12(b)(6), contending that absolute immunity bars Anderson's claims. The District Court agreed and dismissed both claims against Carbone. *See Anderson v. Venango Cnty.*, No. 1-10-cv-00079, 2011 U.S. Dist. LEXIS 4386, at \*23 (W.D. Pa. Jan. 18, 2011). The District Court also noted that regardless of absolute immunity, Anderson fails to state a § 1983 claim because Carbone did not re-try Anderson after the Court of Common Pleas dismissed the remaining charges for prosecutorial misconduct on February 6, 2009. *Id.* Accordingly, Carbone did not violate Anderson's Sixth Amendment right to a fair trial. *Id.*

The County next moved for summary judgment, contending that Anderson fails to state a § 1983 claim against the County because the County did not re-try him after the February 6, 2009 dismissal of charges. The District Court treated the County's summary judgment motion as a Rule 12(b)(6) motion and dismissed Anderson's § 1983 claim against the County, agreeing that the County did not violate Anderson's Sixth Amendment right to a fair trial because it did not re-try him. *See Anderson v. Venango Cnty.*, No. 1-10-cv-00079, 2011 U.S. Dist. LEXIS 42685, at \*7-8 (W.D. Pa. Apr. 20, 2011). The District Court then closed Anderson's case, and Anderson filed his instant appeal.

## II.

The District Court had jurisdiction over Anderson's civil rights claim under 28 U.S.C. § 1343 and 28 U.S.C. § 1331, and it had supplemental jurisdiction over Anderson's state-law abuse of process claim under 28 U.S.C. § 1367. We have appellate

5

jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a district court's order dismissing under Fed. R. Civ. P. 12(b)(6), "accept[ing] as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) (citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)).

### A.

Anderson contends that the District Court erred in holding that he fails to state a § 1983 claim, asserting that he need not demonstrate that Carbone and the County subjected him to an unfair trial to recover under § 1983 for a violation of his Sixth Amendment right to a fair trial. Instead, Anderson urges that Carbone's misconduct relating to the competency hearing and Anderson's "mental anguish resulting from the revelation that an officer of the court was . . . determined to secure [his] wrongful conviction" are together enough to state a violation of the Sixth Amendment right to a fair trial. (Appellant's Br. 19.)

The right to a fair trial guarantees that "evidence subject to adversarial testing is presented to an impartial tribunal for resolution of issues defined in advance of the proceeding." *Strickland v. Washington*, 466 U.S. 668, 685 (1984); *see also Smith v. Holtz*, 210 F.3d 186, 196 (3d Cir. 2000) ("[A] fair trial . . . [is] a trial resulting in a verdict worthy of confidence.") (quoting *Kyles v. Whitley*, 514 U.S. 419, 434 (1995)). Accordingly, to prevail on a § 1983 claim predicated on the right to a fair trial, the plaintiff must show that the government's alleged pretrial misconduct resulted in an unfair trial. *See, e.g.*, *Morgan v. Gertz*, 166 F.3d 1307, 1310 (10th Cir. 1999) ("[T]he

6

withholding or destruction of evidence violates a criminal defendant's constitutional rights only if . . . the criminal defendant is denied a fair trial."); *Hensley v. Carey*, 818 F.2d 646, 649 (7th Cir. 1987) (the defendant "could not possibly have been deprived of his right to a fair trial since he was never tried"); *see also Rogala v. Dist. of Columbia*, 161 F.3d 44, 55-56 (D.C. Cir. 1998) (stating that no violation of the Sixth Amendment right to compulsory process occurs when the defendant is not tried). The government's violation of "a prophylactic rule" designed to protect the right to fair trial, without a violation of the right to a fair trial itself, does not support a claim under § 1983. *Hensley*, 818 F.2d at 649.

We reached a similar result analyzing § 1983 claims predicated on violations of the Fifth Amendment, holding "that questioning a plaintiff in custody without providing *Miranda* warnings is not a basis for a § 1983 claim as long as the plaintiff's statements are not used against her at trial." *Renda v. King*, 347 F.3d 550, 557-58 (3d Cir. 2003). We reasoned that "[t]he right protected under the Fifth Amendment is the right not to be compelled to be a witness against oneself in a criminal prosecution," whereas the protections from *Miranda v. Arizona*, 384 U.S. 436 (1966)*,* are only "procedural safeguard[s]" of the Fifth Amendment right against self-incrimination. *Giuffre v. Bissell*, 31 F.3d 1241, 1256 (3d Cir. 1994). Because the *Miranda* protections are procedural safeguards rather than "substantive right[s]," a violation of the *Miranda* protections is not a basis for a § 1983 claim. *Id.* Similarly, a violation of the procedures protecting the Sixth Amendment right to a fair trial, without an accompanying violation of the right to a fair trial itself, is not enough to state a § 1983 claim.

Anderson fails to state a violation of his Sixth Amendment right to a fair trial because, regardless of Carbone's alleged misconduct relating to the competency hearing, the County did not re-try him following the competency hearing. Instead, the Court of Common Pleas dismissed the criminal charges, and the Superior Court of Pennsylvania affirmed the dismissal. Anderson's mental anguish does not change our analysis because it does not demonstrate a constitutional deprivation; it shows only injury. *See Smith*, 210 F.3d at 195 ("By itself, § 1983 does not create any substantive rights, but it does provide a remedy for violation of rights created by the Constitution."). Accordingly, we agree with the District Court that Anderson has failed to state a § 1983 claim.

B.

Anderson next argues that the District Court erred in holding that absolute immunity bars his § 1983 and abuse of process claims. Because we already held that Anderson fails to state a § 1983 claim, we address only whether absolute immunity bars his abuse of process claim under Pennsylvania law.[2]

Under Pennsylvania law, "high public officials," including prosecutors, "are immune from suits seeking damages for actions taken or statements made in the course of their official duties." *Durham v. McElynn*, 772 A.2d 68, 69 (Pa. 2001). Conduct is

---

[2] The District Court recognized that § 1983 immunity and immunity for state-law claims are separate concepts, but stated that the immunity analysis is the same under both § 1983 and Pennsylvania law and accordingly applied only a § 1983 immunity analysis to both of Anderson's claims. Although we agree with the District Court that Carbone is immune from Anderson's abuse of process claim, we analyze Anderson's state-law claim under Pennsylvania law rather than applying a § 1983 immunity analysis. *See Yarris v. Cnty. of Del.*, 465 F.3d 129, 140 (3d Cir. 2006) (remanding because the district court improperly applied a § 1983 immunity analysis to claims under Pennsylvania law).

within a prosecutor's duties or powers when it is "closely related" to the prosecutor's "official duties." *McCormick v. Specter*, 275 A.2d 688, 689 (Pa. Super. Ct. 1971).

In *McCormick v. Specter*, the Superior Court of Pennsylvania held that a prosecutor's statements at a press conference concerning an open investigation were within the scope of his official duties because the "press conference was a proper undertaking of [the prosecutor's] office on the basis that the responsible performance of the District Attorney's office warrants his informing the public of matters pending in that office." *Id.* at 689. The Superior Court of Pennsylvania noted that "[a]lthough some of [the prosecutor's] comments may have been excessive, they were nonetheless 'closely related' to a matter pending in his office and thus [were] within the scope of the privilege." *Id.*

As in *McCormick*, Anderson alleges that Carbone engaged in inappropriate conduct in the performance of his position as a prosecutor. Although Carbone's conduct relating to the competency hearing may have been improper and in violation of a court order, meeting with witnesses and preparing witnesses to testify are proper undertakings of a prosecutor's office. Carbone's meetings with the witness-patient were thus closely related to his official duties. Likewise, filing an appeal was within the scope of Carbone's duty as a prosecutor. Accordingly, absolute immunity bars Anderson's abuse of process claim.

### III.

For the foregoing reasons, we will affirm the District Court's judgment.

9