IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David George Lusick, : 
          Appellant : 
     : 
    v. : No. 1952 C.D. 2015
     : SUBMITTED: March 31, 2017
Lynne Abraham, Elizabeth : 
Varki Jobes, John Hunter Bennett, : 
Thomas Dolgenos, Robert M. Falin, : 
Ronald Eisenberg, Arnold Gordon, : 
Lynne Herbert O'Connor, : 
Karen Brancheau, Hugh J. Burns, : 
Brad Bender, Andrew Klein : 

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                  HONORABLE JULIA K. HEARTHWAY, Judge
                  HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

**PER CURIAM**                  FILED: July 14, 2017

David George Lusick, *pro se*, appeals from the May 4, 2015 order of the Court of Common Pleas of Philadelphia County (trial court) that sustained the preliminary objections filed by Lynne Abraham, Elizabeth Varki Jobes, John Hunter Bennett, Thomas Dolgenos, Robert M. Falin, Ronald Eisenberg, Arnold Gordon, Lynne Herbert O'Connor, Karen Brancheau, Hugh J. Burns, Brad Bender, and Andrew Klein (Defendants), and dismissed Lusick's case. We affirm.

On July 14, 1994, Lusick was found guilty of multiple counts of involuntary deviate sexual intercourse, indecent assault, and corruption of minors,

and was sentenced to 12-35 years in prison. Lusick is currently serving this term at the State Correctional Institution at Albion.

On August 26, 2009, Lusick commenced an action against Defendants, who are District Attorneys (DAs), Deputy District Attorneys (DDAs), and Assistant District Attorneys (ADAs) that prosecuted his criminal case at the trial level, on appeal, and at state and federal post-conviction reviews. Lusick asserted claims of malicious prosecution and malpractice arising out of his 1994 criminal prosecution.

On November 13, 2012, Lusick filed a motion for extension of time to file an amended complaint. Thereafter, Lusick filed an amended complaint adding additional defendants and alleging that Defendants: (1) violated the rules of professional conduct and the American Bar Association standards; (2) fraudulently concealed certain facts; and (3) failed to disclose certain facts and gave misleading and incomplete testimony. (Amended Complaint, at 71-75; SRR at 77-81.)

In response, Defendants filed preliminary objections, seeking, among other things, dismissal of Lusick's case because the claims against Defendants are barred by the doctrine of high public official immunity, and also because Lusick failed to state a claim for which relief could be granted in his malicious prosecution claim, as the underlying conviction had not been vacated. On May 4, 2015, the trial court sustained Defendants' preliminary objections and dismissed

Lusick's case with prejudice. Lusick appealed to the Superior Court, which transferred the matter to this Court.[1]

Initially, we address whether the trial court erred in sustaining Defendants' preliminary objection that found Lusick's case barred by the doctrine of high public official immunity.

In *Lindner v. Mollan*, 677 A.2d 1194, 1195 (Pa. 1996) (citations omitted), our Supreme Court stated that:

> [T]he doctrine of absolute privilege for high public officials, 'as its name implies, is unlimited and exempts a high public official from all civil suits for damages arising out of false defamatory statements and even from statements or actions motivated by malice, provided the statements are made or the actions are taken in the course of the official's duties or powers and within the scope of his authority, or as it is sometimes expressed, within his jurisdiction….
>
> The doctrine of absolute privilege 'rests upon the * * * idea that conduct which otherwise would be actionable is to escape liability because the defendant is acting in furtherance of some interest of social importance, which is entitled to protection even at the expense of uncompensated harm to the plaintiff's reputation…." This sweeping immunity is 'not for the benefit of high public officials, but for the benefit of the public….'

---

[1] Our review of a trial court's order sustaining preliminary objections in the nature of a demurrer is limited to determining whether the trial court abused its discretion or committed an error of law. *Holt v. Northwest Pennsylvania Training Partnership Consortium, Inc.*, 694 A.2d 1134, 1138 n.8 (Pa. Cmwlth. 1997). This Court must determine whether any recovery is possible based on the alleged facts. *Id.* Further, "[w]e must accept as true all well-pleaded allegations and material facts averred, as well as inferences reasonably deducible therefrom, and any doubt should be resolved in favor of overruling the demurrer." *Id.*

> Absolute privilege is 'designed to protect the official from the suit itself, from the expense, publicity, and danger of defending the good faith of his public actions before the jury....'

Here, Lusick alleges misconduct by the former Philadelphia DA and numerous former and current DDAs and ADAs related to their official conduct during various court proceedings while representing the Commonwealth of Pennsylvania and prosecuting Lusick. Thus, because all Defendants are prosecutors that are being sued because of their official conduct, the trial court did not err in granting Defendants' preliminary objection and dismissing Lusick's case pursuant to the doctrine of high public official immunity.[2] *See Mosley v. Observer Publishing Company*, 69 A.2d 343 (Pa. Super. 1993) (granting preliminary objections because DA was immune from suit as a high public official); *McCormick v. Specter*, 275 A.2d 688 (Pa. Super. 1971) (finding DA immune as a high public official when acting within his official duties).

Accordingly, we affirm.

---

[2] Because all Defendants are immune from suit, we need not address Lusick's remaining issues.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| David George Lusick, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 1952 C.D. 2015 |
| | : | SUBMITTED: March 31, 2017 |
| Lynne Abraham, Elizabeth | : | |
| Varki Jobes, John Hunter Bennett, | : | |
| Thomas Dolgenos, Robert M. Falin, | : | |
| Ronald Eisenberg, Arnold Gordon, | : | |
| Lynne Herbert O'Connor, | : | |
| Karen Brancheau, Hugh J. Burns, | : | |
| Brad Bender, Andrew Klein | : | |

PER CURIAM

## O R D E R

AND NOW, this 14th day of July, 2017, the order of the Philadelphia County Court of Common Pleas in the above-captioned matter is affirmed.